**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3649
_____

VICTOR MANUEL URQUIAGA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A31-333-522)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2010

Before:  FUENTES, VANASKIE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 17, 2010)
_____

OPINION
_____

PER CURIAM

Victor Manuel Urquiaga, a native and citizen of Peru who became a permanent

resident of the United States in 1974, applied for admission to this country as a returning

permanent resident in 2005.  The Government charged him as removable for having been

convicted of a crime involving moral turpitude, citing his 1988 conviction for sexual

assault and his 1993 conviction for criminal sexual contact. Urquiaga conceded the charge, and sought waiver of admissibility under former INA § 212(c) (former 8 U.S.C. § 1182(c)). Weighing the evidence gathered after a hearing, the Immigration Judge ("IJ") denied the application for relief from removal. Urquiaga appealed the decision to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on October 31, 2008.

On January 7, 2009, Urquiaga filed a motion before the BIA captioned a "motion to reopen." In the body of his motion, he also described the motion as a motion to reopen; in his conclusion, however, he called the motion a motion to reconsider. In the short motion, he reviewed the facts of his case, and submitted that he merited a favorable exercise of discretion and the grant of Section 212(c) relief. He also argued that the BIA had erred in focusing on his past convictions and perceived lack of rehabilitation in upholding the denial of relief. The BIA denied the motion to reopen because Urquiaga offered no evidence in support of his motion or in support of his *prima facie* eligibility for a waiver of inadmissibility. The BIA also stated that if Urquiaga was seeking reconsideration, his motion was untimely. Urquiaga submits a petition for review.

We have jurisdiction to review an order denying reopening or reconsideration under 8 U.S.C. § 1252(a). However, because Urquiaga is removable for having committed a crime of moral turpitude, our jurisdiction is circumscribed; in addition to considering our own jurisdiction, we can review only constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C) & (D); McAllister v. Attorney Gen. of the United States, 444 F.3d 178, 183 (3d Cir. 2006); Jarbough v. Attorney Gen. of the United States, 483 F.3d 184, 188 n.3 (3d Cir. 2007).

2

Upon review, we will deny the petition for review. Urquiaga argues that the BIA abused its discretion and denied his right to due process by denying his motion to reconsider as untimely. More specifically, he states that he was entitled to equitable tolling in order to avoid the miscarriage of justice of allowing the BIA's earlier decision to stand. He also contends that the BIA committed error by denying the motion to reconsider without addressing any of his substantive arguments.

We note first what Urquiaga does not challenge – the denial of his motion as a motion to reopen. Because he did not raise this issue in his brief, it is waived, and we do not consider it. See F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000).

Urquiaga also does not contest that his motion as a motion to reconsider was filed after the statutory deadline. A motion to reconsider must be filed within 30 days of the entry of the relevant BIA decision. See 8 U.S.C. § 1229a(c)(6)(b). In this case, the BIA entered the relevant decision on October 31, 2008. Urquiaga did not file his motion until more than 30 days later, on January 7, 2009. Although Urquiaga now requests equitable tolling, he did not ask the BIA to grant him such relief. We cannot consider an issue he did not raise in the agency. See Popal v. Gonzales, 416 F.3d 249, 252-53 (3d Cir. 2005). We note nonetheless that despite claiming a "miscarriage of justice" on the grounds that the BIA erred in finding that he was not entitled to relief, Urquiaga does not provide a basis for equitable tolling in any event. In short, because Urquiaga filed his motion after the statutory deadline, the BIA committed no error in denying it as an untimely motion without reviewing Urquiaga's substantive arguments.

We conclude that Urquiaga's claims of due process violations are without merit.

3

In denying the motion as untimely, the BIA did not violate Urquiaga's right to due process. "The enforcement of procedural deadlines does not violate due process." <u>Dakaj v. Holder</u>, 580 F.3d 479, 484 (7th Cir. 2009). Furthermore, the record simply does not support a claim that Urquiaga was in any way deprived of a fundamentally fair hearing; he had an ample opportunity to be heard.

For these reasons, we will deny the petition for review.